UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANTONIO YOUNG, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 4:09CV2120 RWS |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## **MEMORANDUM AND ORDER**

This matter is before me on Antonio Young's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [#1]. For the reasons set forth below, the motion will be denied.

**I.     Background**

On November 4, 2008, Young pled guilty to a single count of conspiracy. Criminal Case 4:08CR473 RWS. Young's plea agreement provided that in exchange for his guilty plea, the United States Attorney's Office would agree to dismiss Counts 2 through 7 of the indictment and forgo any further prosecution for criminal conduct related to that charged in the indictment. Young also agreed to waive his appeal rights, including those under 28 U.S.C. § 2255 as follows: "The defendant further agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel." Young also agreed that any restitution would be due and payable immediately, and further agreed to restitution as follows:

The defendant further acknowledges that pursuant to Title 18, United States Code,

> Section 3663A, an order of restitution is mandatory in this case for all crimes listed in Section 3663A(c) committed after April 24, 1996. The defendant agrees that regardless of the particular counts of conviction, the amount of mandatory restitution imposed shall include all amounts allowed by Section 3663A(b) and the amount of loss agreed to by the parties, including all relevant conduct loss. The defendant agrees to provide full restitution to all victims of all charges in the indictment without regard to the count or counts to which the defendant has agreed to plead guilty.

After I accepted Young's guilty plea, a Presentence Investigation Report (PSR) was prepared. The PSR calculated restitution in the amount of $63,054.91, and neither defense counsel nor defendant objected to the amount of restitution or any of the information in the PSR relative to restitution.

After consideration of all the evidence, I sentenced Young to 27 months imprisonment and ordered restitution in the amount of $63,054.91. I set out Young's victims and the amounts owed to each victim, and I explained his payment schedule as follows:

> All criminal mandatory penalties are due in full immediately. You are to pay the penalties through the Clerk of the Court. If you cannot pay in full immediately, then you're to make payments under the following minimum payment schedule: While incarcerated it's recommended that you pay criminal monetary penalties through an installment plan in accordance with the Bureau of Prisons inmate financial responsibility program at the rate of 50 percent of the funds available to you. If you owe any money when you're released from custody, then you're to make payments in monthly installments of at least $100 or not less than 10 percent of your gross earnings, which ever is more, with payments to begin 30 days after your release.

I further ordered the restitution obligation to be joint and several with Young's co-defendants, Alexandria Goodwin, Sheila Medero, and James Whitiker. As I explained to Young at sentencing, "In other words, no payments will be required of you after the sum of the amounts paid by everybody totals the amount that's due." I also explained to Young that he must make restitution payments to the Clerk of the Court "so we can keep track of what you're paying and

what your co-defendants paid so we know when it's been paid in full." The Judgment states as follows:

> The defendant shall make restitution in the amount of $63,054.91. All criminal monetary penalties are due in full immediately. The defendant shall pay all criminal monetary penalties through the Clerk of the Court. If the defendant cannot pay in full immediately, then the defendant shall make payments under the following minimum payment schedule: During incarceration, it is recommended that the defendant pay criminal monetary penalties through an installment plan in accordance with the Bureau of Prisons' Inmate Financial Responsibility Program at the rate of 50% of the funds available to the defendant. If the defendant owes any criminal monetary penalties when released from incarceration, then the defendant shall make payments in monthly installments of at least $100, or no less than 10% of the defendant's gross earnings, whichever is greater, with payments to commence no later than 30 days after release from imprisonment. Until all criminal monetary penalties are paid in full, the defendant shall notify the Court and this district's United States Attorney's Office, Financial Litigation Unit, of any material changes in the defendant's economic circumstances that might affect the defendant's ability to pay criminal monetary penalties. The defendant shall notify this district's United States Attorney's Office, Financial Litigation Unit, of any change of mailing or residence address that occurs while any portion of the criminal monetary penalties remains unpaid.

Young did not file a direct appeal.

**II.      Ground for Relief**

In his § 2255 motion, Young raises the following ground for relief:

"The sentencing court erred in failing to implement a payment schedule [for restitution] consistent with petitioner's financial indigency; and counsel was ineffective for failing to motion the sentencing court for same."

**III.     Analysis**

*A. An Evidentiary Hearing is not Warranted*

An evidentiary hearing need not be held if Young's "allegations cannot be accepted as true because they are contradicted by the record, inherently incredible or conclusions rather than statements of fact." Delgado v. United States, 162 F.3d 981, 983 (8th Cir. 1998). For the

reasons stated below, Young's allegations do not rise to the level that would require me to hold an evidentiary hearing.

*B. Young May Not Challenge Restitution in a § 2255 Proceeding*

To the extent Young challenges the restitution portion of his sentence, his claim is denied because "a federal prisoner cannot challenge the restitution portion of his sentence using 28 U.S.C. § 2255, because this statute affords relief only to prisoners claiming a right to be released from custody." United States v. Bernard, 351 F.3d 360, 361 (8th Cir. 2003).

*C. Young's Ineffective Assistance of Counsel Claim Fails*

Young also contends that his attorney was ineffective for failing to challenge the payment schedule for his restitution. The Sixth Amendment establishes the right of the criminally accused to the effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 686 (1984). To state a claim for ineffective assistance of counsel, Young must prove two elements of the claim. First, he "must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." Id. at 687. In considering whether this showing has been accomplished, "judicial scrutiny of counsel's performance must be highly deferential." Id. at 689. The courts seek to "eliminate the distorting effects of hindsight" by examining counsel's performance from counsel's perspective at the time of the alleged error. Id. Second, Young "must show that the deficient performance prejudiced the defense." Id. at 687. This requires him to demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. The court need not address both components if the movant makes an insufficient showing on one of the prongs. Engelen v.

United States, 68 F.3d 238, 241 (8th Cir. 1995). As a matter of law, counsel cannot be ineffective for failing to make a meritless argument. Rodriguez v. United States, 17 F.3d 225, 226 (8th Cir. 1994).

Young has failed to demonstrate either deficient performance or any resulting prejudice. Contrary to Young's argument, the PSR did contain the information required to be considered by the Court when setting a payment schedule for restitution.[1] Young was given the opportunity at sentencing to object to the accuracy of this information, but he did not. The Court properly considered all relevant factors when ordering restitution and fashioning a payment schedule. For this reason, Young's attorney was not ineffective for failing to object to the Court's restitution order or payment schedule, and Young was not prejudiced by any alleged failure to do so. Because Young cannot satisfy either prong of the Strickland test, his ineffective assistance of counsel claim fails.

Finally, in his reply brief Young complains that he is ordered to make restitution in the full amount of $63,054.91, even though the Court ordered this obligation to be joint and several with his co-defendants. Young misapprehends the meaning of joint and several liability. Young and his co-defendants are each fully responsible for the entire amount of the restitution obligation, unless and until it is paid in full. Restitution payments made by Young's co-defendants are also being credited to reduce the total amount of restitution due and owing, but Young (just like his co-defendants) remains responsible for the full amount at all times.

*D. I Will Not Issue a Certificate of Appealability*

---

[1] Young cannot be heard to complain that the Court should have considered his ability to pay when ordering restitution, as the Mandatory Victims Restitution Act (MVRA) expressly prohibits such a consideration. 18 U.S.C. § 3664(f)(1)(A).

As Young has not made a substantial showing of the denial of a federal constitutional right, this Court will not issue a certificate of appealability. See <u>Cox v. Norris</u>, 133 F.3d 565, 569 (8th Cir. 1997) (citing <u>Flieger v. Delo</u>, 16 F.3d 878, 882-83 (8th Cir. 1994) (substantial showing must be debatable among reasonable jurists, reasonably subject to a different outcome on appeal or otherwise deserving of further proceedings).

Accordingly,

**IT IS HEREBY ORDERED** that the motion of Antonio Young to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 [#1] is **DENIED**.

**IT IS FURTHER ORDERED** that this Court will not issue a certificate of appealability as Young has not made a substantial showing of the denial of a federal constitutional right.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 12th Day of May, 2010.